NOAH G. BLECHMAN (State Bar No. 197167)
LAURA A. COX (State Bar No. 296147)
MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
Richmond Police Dept., Jose Villalobos, and City of Richmond

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reynaldo Gazo by and through his Guardian Ad Litem Yesenia Gazo,<br><br>Plaintiff,<br><br>vs.<br><br>Richmond Police Department; Jose Villalobos; City of Richmond,<br><br>Defendant. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) TO U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**<br><br>**(FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Richmond Police Dept., Jose Villalobos, and City of Richmond hereby removes to this Court the state court action described below.

On December 1, 2014, an action was commenced in the Superior Court of the State of California in and for the County of Contra Costa, entitled *Reynaldo Gazo by and through his Guardian Ad Litem Yesenia Gazo (Plaintiff) v. Richmond Police Dept., Jose Villalobos, and City of Richmond (Defendants)*, as case number C14-02215. Attached hereto as **Exhibit A** is a copy of the summons served on Defendant in this state action. Attached hereto as **Exhibit B** is a copy of the initial Complaint served on Defendant in this state action.

Defendants now provide timely notice of removal of this action per 28 U.S.C. §§ 1446 and 1441(c).

## GROUNDS FOR REMOVAL

This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 (federal question), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(c), in that Plaintiff's Sixth Cause of Action in his Complaint arises under the U.S. Constitution. Specifically, Plaintiff's Sixth Cause of Action mentions that it is being brought under 42 U.S.C. § 1983, and alleges that "the defendants violated his civil rights," including a violation of the Fourth Amendment to the U.S. Constitution, and there is also a reference to the "cruel and unusual punishement" which is a reference to the Eighth Amendment to the U.S. Constitution. (**Exh. B**, ¶¶ 25-30). In addition, Plaintiff references the right to due process and equal protection, both of which appear to relate to the Fourteenth Amendment of the U.S. Constitution. Clearly, these are federal claims and, as such, the Court has original jurisdiction under 28 U.S.C. § 1331 and removal is proper.

Defendants are unaware of any other defendants who have been served with a Summons and the Complaint and thus no joinder to this removal is necessary. The undersigned will be representing the Richmond Police Dept., Jose Villalobos, and the City of Richmond. Plaintiff is represented by David Hart, Esq.

Dated: January 13, 2015

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: _____
Noah G. Blechman
Laura A. Cox
Attorneys for Defendant
Richmond Police Dept., Jose Villalobos, and City of Richmond

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Richmond Police Department; Jose Villalobos and Does 1-50; City of Richmond

RECEIVED
CITY CLERK'S OFFICE
CITY OF RICHMOND
2014 DEC 15 PM 2: 28

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SUM-100

2014 DEC 10 A 9:1

KEN M. NASH
SUPERIOR COURT
MARTINEZ, CA
D. WAGNER

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Reynaldo Gazo by and through his Gaurdian Ad Litem Yesenia Gazo

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. You written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Contra Costa Superior Court
*(El nombre y dirección de la corte es):*
725 Court St. #127
Martinez, California 94553

**CASE NUMBER:**
*(Número del Caso):*
C14-02215

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David L. Hart (#219517)
Law Office of David L. Hart
1750 Francisco Blvd. #15
Pacifica, California 94044  650-355-3000

DATE: DEC 10 2014    CLERK OF THE SUPERIOR COURT    Clerk, by    D. WAGNER    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): City of Richmond
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify): CCP 416.50 (public entity)
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

104M623392407 W - 11/29/2014 6:42:56 PM

# EXHIBIT B

| | PLD-PI-001 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>David Hart (#219517)<br>Law Office of David L. Hart<br>1750 Francisco Blvd, Suite 15<br>Pacifica, CA 94044<br>TELEPHONE NO: 650-355-3000  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>2014 DEC -1 A 10:25<br><br>CLERK OF THE SUPERIOR COU<br>COUNTY OF CONTRA COSTA, CA<br><br>BY:_____ DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa<br>STREET ADDRESS: 725 Court St. #127<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Martinez, California 94553<br>BRANCH NAME: Superior Court | |
| PLAINTIFF: Reynaldo Gazo by and through his Gaurdian Ad Litem Yesenia Gazo<br>DEFENDANT: Richmond Police Department; Jose Villalobos<br>[X] DOES 1 TO 50 - City of Richmond | |
| COMPLAINT-Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED (Number):<br>Type (check all that apply):<br>[X] MOTOR VEHICLE  [X] OTHER (specify): Section 1983; Bane Act<br>[ ] Property Damage  [ ] Wrongful Death<br>[X] Personal Injury   [ ] Other Damages (specify): | PER LOCAL RULE 5 THIS<br>CASE IS ASSIGNED TO<br>DEPT ___ |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | CASE NUMBER:<br><br>C14-02215 |

1. Plaintiff (name or names): Reynaldo Gazo by and through his Gaurdian Ad Litem Yesenia Gazo
   alleges causes of action against defendant (name or names):
   Richmond Police Department; Jose Villalobos and does 1-50; City of Richmond
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [X] except plaintiff (name): Reynaldo Gazo
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [X] a minor [ ] an adult
           (a) [X] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
           (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
           (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
           (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

BY FAX

Page 1 of 3

Form Approved for Optional Use  COMPLAINT-Personal Injury, Property  Code of Civil Procedure, § 425.12
Judicial Council of California         Damage, Wrongful Death
PLD-PI-001 [Rev. January 1, 2007]

| SHORT TITLE: Gazo v Richond Police Department | CASE NUMBER: | PLD-PI-001 |
|---|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): Richmond Police Department;
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☒ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-25 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 26-50 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☒ Plaintiff is required to comply with a claims statute, and
   a. ☒ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

| SHORT TITLE: Gaza v City of Richmond Police Department | CASE NUMBER: | PLD-PI-001 |
|---|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
    a. [X] Motor Vehicle
    b. [X] General Negligence
    c. [X] Intentional Tort
    d. [ ] Products Liability
    e. [ ] Premises Liability
    f. [X] Other (specify):
        Bane Act, False Imprisonment, 1983 Act

11. Plaintiff has suffered
    a. [X] wage loss
    b. [ ] loss of use of property
    c. [X] hospital and medical expenses
    d. [X] general damage
    e. [ ] property damage
    f. [X] loss of earning capacity
    g. [X] other damage (specify):
        Attorney Fees

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. [ ] listed in Attachment 12.
    b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) [X] compensatory damages
       (2) [X] punitive damages  Against Jose Villalobos and does 1-25 only
       The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) [X] according to proof
       (2) [ ] in the amount of: $

15. [X] The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
    1-35

Date: 11-25-14

David Hart
(TYPE OR PRINT NAME)

▶ David Hart
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]    COMPLAINT-Personal Injury, Property Damage, Wrongful Death    Page 3 of 3

| SHORT TITLE: Gazo v Richmond Police Department | CASE NUMBER: | 982.1(3) |

<u>One</u> (number)     **CAUSE OF ACTION-General Negligence**     Page 4

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Reynaldo Gazo by and through his Gaurdian Ad Litem Yesenia Gazo

alleges that defendant *(name):*
Richmond Police Department

[ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* 11-24-13
at *(place):* Richmond California

*(description of reasons for liability):*

16. Paragraphs 1-15 are incorporated as if fully contained herein.

17. Richmond Police Department had a duty to hire, train, employ, superviser and otherwise be responsible for the conduct of their employees and police officers. Richmond Police Department failed hire, train, supervise, employ and otherwise be responsible for their officers on or around 11-24-13 when the officers, violated Reynaldo Gazo's rights, assualted him, ran him over with their car, unlawfully restrained him and otherwise harrassed abused and intimidated him all of which was the direct and actual cause of injuries he in fact suffered.

| SHORT TITLE: Gazo v Richmond Police Department | CASE NUMBER: | 982.1(3) |
|---|---|---|

Two _____ (number)   **CAUSE OF ACTION–General Negligence**   Page 5

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Reynaldo Gazo

   alleges that defendant *(name):*
   Jose Villalobos

   ☒ Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* 11-24-13
at *(place):* City of Richmond

*(description of reasons for liability):*

18. Paragraphs 1-17 are incorporated as if fully contained herein.

19. Jose Villalobos and Does 1-25 had a duty to be use care and caution and act in a reasonable manner and on or around 11-24-13 violated Reynaldo Gazo's rights, assualted him, ran him over with their car, unlawfully restrained him and otherwise harrassed abused and intimidated him all of which was the direct and actual cause of injuries he in fact suffered.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

**CAUSE OF ACTION-General Negligence**                                                                CCP 425.12

104M623392662.tif - 11/29/2014 7:17:13 PM

| SHORT TITLE: Gazo v Richmond Police Department | CASE NUMBER: |
|---|---|

__Three__ (number)   **CAUSE OF ACTION--Intentional Tort**   Page __6__

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name):* Reynaldo Gazo

alleges that defendant *(name):* Jose Villalobos

[X] Does __1__ to __25__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):* 11-24-13
at *(place):* Richmond City

*(description of reasons for liability):*

20. Paragraphs 1-19 are incorporated as if fully contained herein.

21. Officers Jose Villalobos and Does 1-25 intentionally struck, restrained, ran over with their car, and otherwise caused and intended defendant to be harmed. Defendant was infact struck, illegally restrained and/or otherwise intentionally harmed by Officer Jose Villalobos and Does 1-25 in violation of his civil rights and in excess of their authority and without his consent.

| SHORT TITLE: Gazo v Richmond Police Department | CASE NUMBER: | 982.1(2) |
|---|---|---|

__Four__
(number)

**CAUSE OF ACTION-Motor Vehicle**  Page __7__

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff (name): Reynaldo Gazo

MV-1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff, the acts occurred
on (date): 11-24-13
at (place):

Richmond City

MV-2. DEFENDANTS
  a. [X] The defendants who operated a motor vehicle are (names):
  
  Jose Villalobos
  
  [X] Does __1__ to __10__
  
  b. [X] The defendants who employed the persons who operated a motor vehicle in the course of their employment are (names):
  
  Richmond Police Department
  
  [ ] Does ___ to ___
  
  c. [ ] The defendants who owned the motor vehicle which was operated with their permission are (names):
  
  [ ] Does ___ to ___
  
  d. [ ] The defendants who entrusted the motor vehicle are (names):
  
  [ ] Does ___ to ___
  
  e. [X] The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were (names):
  
  [X] Does __1__ to __15__
  
  f. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
  [ ] listed in Attachment MV-2f    [ ] as follows:
  
  [ ] Does ___ to ___

Form Approved by the Judicial Council of California
Effective January 1, 1982
Rule 982.1(2)
Optional Form

**CAUSE OF ACTION-Motor Vehicle**

CCP 425.12

104M623392662.tif - 11/29/2014 7:17:13 PM

| PETITIONER/PLAINTIFF Reynaldo Gazo | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT Richmond Police Department | |

## CAUSE OF ACTION FIVE

## VIOLATION OF THE BANE ACT CIVIL CODE 52.1

22. Paragraphs 1-21 are incorporated as if fully contained herein.

23. Richmond Police Department, Jose Villalobos and Does 1-50 interefered with plaintiff Reynaldo Gazo's civil right on or around 11-24-13 when the officers, violated Reynaldo Gazo's rights, assualted him, ran him over with their car, unlawfully restrained him and otherwise harrassed abused and intimidated him all of which was the direct and actual cause of injuries he in fact suffered. The defendants interfered with plaintiff's constitutional rights including but not limited to plaintiff's fourth amendment right against unreasonable search and seizure, right to not be harmed by the police, prohibition against cruel and unusual punishment, right to due process and equal protection etc.

24. Reynaldo Gazo reasonbly believed that if he exercised his rights as listed above, defendant would commit violence against him. Defendants did in fact injure plaintiff to prevent him from exercising his rights and that plaintiff was in fact harmed and that defendants conduct was a substantial factor in causing plaintiff's harm.

| PETITIONER/PLAINTIFF Reynaldo Gazo, | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT Richmond Police Department | |

## CAUSE OF ACTION SIX

## VIOLATION FEDERAL CIVIL RIGHTS 42 U.S.C. Section 1983

### AGAINST ALL DEFENDANTS

25. Paragraphs 1-24 are incorporated as if fully contained herein.

26. Plaintiff claims defendants violatede his civil rights. and defndants intentionally ran him over with their car, wrongfully imprisoned him, harrassed and intimidated him.

27. Defendant was acting in their official duties.

28. Defendants conduct violated plaintiff's civil rights including but not limited to hisfourth amendment right against unreasonable search and seizure, right to not be harmed by the police, prohibition against cruel and unusual punishment, right to due process and equal protection etc.

29. Plaintiff was actually harmed by defendant's conduct.

30. Defendant's acts as listed above, were a substantial factor in causing plaintiff's harm.

| PETITIONER/PLAINTIFF Reynaldo Gazo, | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT Richmond Police Department et al. | |

## CAUSE OF ACTION SEVEN

### BATTERY

### AGAINST ALL DEFENDANTS

31. Paragraphs 1-30 are incorporated as if fully contained herein.

32. Defendants touched plaintiff through restraint and their car with the intent to harm and offend.

33. Plaintiff did not consent to the touching and was substantially harmed. A reasonable person would have been offended by the touching.

Page 10

| PETITIONER/PLAINTIFF Reynaldo Gazo, | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT Richmond Police Department | |

## CAUSE OF ACTION EIGHT

## ASSAULT

## AGAINST ALL DEFENDANTS

34. Paragraphs 1-33 are incorporated as if fully contained herein.

35. Defendants acted intending to cause harmful and offensive conduct, plaintiff reasonably beleived he was about to be harmed, defendants threatened to touch plaintiff in a harmful and offensive manner, plaintiff did not consent to be touched, plaintiff was harmed and defendant's conduct was a substantial factor in causing plaintiff's harm.

| PETITIONER/PLAINTIFF Reynaldo Gazo, | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT Richmond Police Department | |

## CAUSE OF ACTION NINE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## AGAINST ALL DEFENDANTS

36. Paragraphs 1-35 are incorporated as if fully contained herein.

37. Defendants conduct was outrageous, and intended to cause harm and emotional distress, plaintiff did in fact suffer emotional distress and defendant's conduct was a substantial factor is causing plaintiff's emotional distress.