UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO GAZO,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHMOND POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 15-cv-00172-EDL<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

On January 14, 2015, Defendants moved to dismiss four of Plaintiff's claims. For the reasons set forth below, Defendants' motion is GRANTED.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 1, 2014, Plaintiff filed this complaint in state court against the Richmond Police Department ("Defendant RPD"), the City of Richmond ("Defendant City"), and Defendant Jose Villalobos ("Defendant Villalobos"). Plaintiff alleges that on or around November 24, 2013, Defendant Villalobos assaulted Plaintiff, ran over him with a car, unlawfully restrained Plaintiff, and "otherwise harassed abused and intimidated him." (Cmplt. ¶¶ 19, 21, 23, 26.) Plaintiff also alleges that Defendant RPD failed to "hire, train, supervise, employ and otherwise be responsible for their officers." (Id. ¶ 17.) Plaintiff alleges claims for: (1) negligence against Defendant RPD; (2) negligence against Defendant Villalobos; (3) "intentional tort" against Defendant Villalobos; (4) "motor vehicle" against Defendants RPD and Villalobos; (5) Bane Act violations against Defendants RPD and Villalobos; (6) claims pursuant to 42 U.S.C. § 1983 against all Defendants; (7) battery against all Defendants; (8) assault against all Defendants; and (9) intentional infliction of emotional distress ("IIED") against all Defendants.

On January 13, 2015, Defendants removed this action to this Court. Defendants move to

dismiss Plaintiff's first, fifth, sixth, and ninth causes of action.

## II. STANDARD

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1] The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

## III. DISCUSSION

### A. Plaintiff's first claim for negligence against Defendant RPD fails under Cal. Gov't Code Sec. 815(a) and is dismissed with prejudice

California law provides that "[e]xcept as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). Plaintiff provides no statutory basis for his negligence claim for failure to hire, train, and supervise Defendant Villalobos and several District Courts "have found no state statutory basis for a claim that a municipality is directly liable for the negligent hiring, supervision, or training of its police officers." Megargee ex rel. Lopez v. Wittman, 2006 WL 2988945, at *10 (E.D. Cal. Oct. 17, 2006); Sorgen v. City & Cnty. of San Francisco, 2006 WL 2583683, at *10 (N.D. Cal. Sept. 7, 2006) (Henderson, J.); Reinhardt v. Santa Clara Cnty., 2006 WL 662741, at *6 (N.D. Cal. Mar.

---

[1] Plaintiff erroneously relies on Conley v. Gibson, 355 U.S. 41 (1957) for the "no set of facts" pleading standard, rather than Twombly. 550 U.S. at 563 (holding that Conley does not set forth "the minimum standard of adequate pleading to govern a complaint's survival.")

15, 2006) (Lloyd, J.).  The cases cited by Plaintiff are not to the contrary as they were all decided prior to the enactment of Sec. 815(a).  See Gong v. City of Rosemead, 226 Cal. App. 4th 363, 370 (2014) ("In 1963, the legislature enacted the comprehensive Government Tort Claims Act . . . eliminating all common law or judicially devised forms of government liability.").  Therefore, this claim is dismissed with prejudice.

### B. Plaintiff's fifth claim for Bane Act violations against Defendants RPD and Villalobos is dismissed with leave to amend

"The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law."  Shoyoye v. Cnty. of Los Angeles, 203 Cal. App. 4th 947, 955-56 (2012).  Under the Bane Act, "[a] defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion."  Id. at 956.  Although there is mixed authority on whether the Bane Act requires a showing of threats, intimidation, or coercion that is independent from the alleged constitutional violation,[2] the Court need not decide this question because Plaintiff fails to plead any facts showing that he was threatened, intimidated, or coerced.  Rather, Plaintiff merely conclusorily alleges that he was "harassed," "abused" and "intimidated."  This is insufficient.  See Iqbal, 556

---

[2] Compare Hunter v. City & Cnty. of San Francisco, 2012 WL 4831634, at *5 (N.D. Cal. Oct. 10, 2012) (Corley, J.) ("'where coercion is inherent in the constitutional violation . . . the statutory requirement of 'threats, intimidation, or coercion' is not met. The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself.'" (quoting Shoyoye, 203 Cal. App. 4th at 959)) and Jones v. City of Oakland, 2013 WL 1333933, at *3 (N.D. Cal. Mar. 29, 2013) (Rogers, J.) ("A claim under [the Bane Act] may only proceed if there is evidence of 'threats, intimidation, or coercion' independent from the Constitutional violation (such as wrongful detention or excessive force) itself.") with D.V. v. City of Sunnyvale, 2014 WL 4072338, at *5 (N.D. Cal. Aug. 14, 2014) (Whyte, J.) ("This court . . . follows the substantial and growing authority that restricts Shoyoye to cases where the defendant's actions were negligent. [The Bane Act] does not require threats, coercion, or intimidation independent from the threats, coercion, or intimidation inherent in the alleged constitutional or statutory violation.") and M.H. v. Cnty. of Alameda, 2013 WL 1701591, at *7 (N.D. Cal. Apr. 18, 2013) (Tigar, J.) ("Defendants read Shoyoye to create a requirement in all Bane Act cases that constitutional interference must be accompanied by 'threats, intimidation, or coercion' separate and apart from the rights violation. . . . [T]his Court agrees with other courts holding that, at the pleading stage, the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct, and that Shoyoye applies only when the conduct is unintentional.").

3

U.S. at 678. Therefore, this claim is dismissed with leave to amend.

### C. Plaintiff's sixth claim pursuant to § 1983 for alleged Fourth, Eighth and Fourteenth Amendment violations against all Defendant is dismissed in part

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." W. v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff appears to allege Fourth, Eighth and Fourteenth Amendment violations. (See Cmplt. ¶ 28 (alleging that Defendants "violated plaintiff's civil rights including but not limited to his [] fourth amendment right against unreasonable search and seizure, right to not be harmed by the police, prohibition against cruel and unusual punishment, right to due process and equal protection etc.").) Defendants concede that Plaintiff adequately alleges a Fourth Amendment violation against Defendant Villalobos.

#### 1. Plaintiff's § 1983 claims against Defendant RPD are dismissed with prejudice

Defendant RPD is an improper defendant for a § 1983 claim because a police department is not a "person" within the meaning of § 1983. Rodriguez v. Cnty. of Contra Costa, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013) (Armstrong, J.) ("Defendant[s] next contend that the Pittsburg Police Department is not a proper party-defendant to a § 1983 claim. The Court agrees. Although municipalities, such as cities and counties, are amenable to suit under Monell, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983."). Therefore, Plaintiff's § 1983 claims against Defendant RPD are dismissed with prejudice.

#### 2. Plaintiff's § 1983 claims based on alleged Eighth and Fourteenth Amendment violations are dismissed with prejudice

Plaintiff fails to state a claim for an Eighth Amendment violation because that amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Graham v. Connor, 490 U.S. 386, 398 (1989). Furthermore, an excessive force claim can only be brought under the Fourth Amendment, not the Fourteenth. See id. at 395. ("Today we make explicit . . . and hold that *all* claims that law

4

enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." (emphasis in original)).  Therefore, Plaintiff's § 1983 claims for alleged Eighth and Fourteenth Amendment violations are dismissed with prejudice.  See Willingham v. City of San Leandro, 2006 WL 3734633, at *1 (N.D. Cal. Dec. 18, 2006) (Chesney, J.) aff'd, 368 F. App'x 845 (9th Cir. 2010) (citing Graham and dismissing part of a § 1983 claim based on due process violations with prejudice).

### 3. Plaintiff's § 1983 claim based on an alleged Fourth Amendment violation against Defendant City is dismissed with leave to amend

Plaintiff fails to state any basis liability against Defendant City as Plaintiff has not alleged a 'policy' or 'custom' that caused his injury.  Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) ("[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor. . . . Instead, in Monell and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or "custom' that caused the plaintiff's injury.").  Although Plaintiff argues in his opposition that such customs and practices exist, these allegations are not in the complaint.  Therefore, Plaintiff's § 1983 claim for an alleged Fourth Amendment violation against Defendant City is dismissed with leave to amend, but any amended complaint may not be based on purely conclusory allegations.

### D. Plaintiff's ninth cause of action for IIED against all Defendants is dismissed with leave to amend

In order to state a claim for IIED, Plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991).  Plaintiff must also allege that Defendant "engaged in conduct intended to inflict injury or engaged in with the realization that injury will result."  Id. (internal quotation marks and citation omitted).

Here, Plaintiff merely alleges that Defendants' "conduct was outrageous, and intended to

cause harm and emotional distress, plaintiff did in fact suffer emotional distress and [defendants'] conduct was a substantial factor [in] causing plaintiff's emotional distress." (Cmplt. ¶ 37.) These conclusory allegations are insufficient to state a claim. Therefore, this claim is dismissed with leave to amend.

## IV.   CONCLUSION

Defendants' motion is GRANTED. Plaintiff's negligence claim, § 1983 claims against Defendant RPD, and Plaintiff's § 1983 claims based on alleged Eighth and Fourteenth Amendment violations are dismissed with prejudice. Plaintiff's Bane Act claim, Fourth Amendment § 1983 claim against Defendant City, and IIED claim are dismissed with leave to amend. Any amended complaint must be filed by March 17, 2015.

**IT IS SO ORDERED.**

Dated: March 2, 2015

_____
Elizabeth D. Laporte
United States Magistrate Judge